UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDY DRAWBAUGH,              :
                             :
            Petitioner       :    No. 4:CV-10-2301
                             :
      vs.                    :    Petition Filed 11/05/10)
                             :
Superintendent JOHN KERESTES, :   (Judge Muir)
                             :
            Respondent       :

## MEMORANDUM AND ORDER

May 19, 2011

Petitioner, Randy Drawbaugh, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he attacks a conviction imposed by the Court of Common Pleas for York County, Pennsylvania. (Doc. 1). For the reasons that follow, the petition will be dismissed as untimely.

## Background

The following background has been extracted from the Pennsylvania Superior Court's July 27, 2009 Opinion affirming the denial of Drawbaugh's petition pursuant to the Post Conviction Relief Act (PCRA).

> The relevant facts and procedural history are as follows: From February to April 2005, Appellant knowingly wrote over twenty personal checks from accounts, which had been closed, and he used the checks to

purchase thousands of dollars worth of
goods.  The police arrested Appellant, and
the Commonwealth filed seventeen separate
complaints against Appellant charging him
with multiple counts of theft by deception,
18 Pa.C.S.A. § 3922(a), receiving stolen
property, 18 Pa.C.S.A. § 3925(a), and bad
checks, 18 Pa.C.S.A. § 4105.  The cases were
consolidated, and represented by Assistant
Public Defender Erin Thompson, Appellant
proceeded to a jury trial, at the conclusion
of which Appellant was convicted of multiple
counts of theft by deception, receiving
stolen property, and bad checks.  On October
24, 2005, the trial court sentenced
Appellant to an aggregate of ninety-three
months to two hundred and twenty-eight
months in prison.  On November 2, 2005,
Appellant filed a motion seeking
reconsideration of his sentence, and on
November 9, 2005, the trial court denied the
motion.

Appellant did not file a timely direct
appeal to this Court; however, on November
16, 2005, Appellant filed a PCRA petition.
Since the PCRA petition was filed before the
thirty-day time period in which to file an
appeal to this Court had expired, the PCRA
court dismissed the petition without
prejudice on November 22, 2005.  See
Commonwealth v. Chambers, 920 A.2d 892, 895
n.2 (Pa. Super. 2007)(indicating an
appellant's PCRA petition was denied as
being premature when it was filed prior to
the expiration of the direct appeal period).
Thereafter, Appellant did not file a direct
appeal from his judgment of sentence.

On July 5, 2006 Appellant filed a timely pro
se PCRA petition, and Vincent Spadafora,

Esquire, was appointed to represent Appellant. On December 21, 2006, the PCRA court denied the PCRA petition. Appellant did not file an appeal to this Court; however, on April 25, 2007, Appellant filed a document entitled "Motion to Reinstate His Rights to Appeal and Appoint New Counsel" with regard to the denial of his PCRA petition. Appellant averred he did not receive timely notice of the PCRA court's December 21, 2006 order. By order filed on May 2, 2007, the PCRA court denied Appellant's document entitled "Motion to Reinstate His Right to Appeal and Appoint New Counsel," and Appellant did not file an appeal to this Court.

On December 11, 2007, Appellant filed the instant pro se PCRA petition, and Dawn Marie Cutaia, Esquire was appointed to represent Appellant. Counsel filed an amended PCRA petition on behalf of Appellant, the matter proceeded to a PCRA hearing, and on April 23, 2008, the PCRA court denied Appellant's PCRA petition. This timely appeal followed. By order filed on April 30, 2008, the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b)

Commonwealth v. Drawbaugh, 981 A.2d 916 (Pa. Super. Jul 27, 2009). By Memorandum Order filed July 27, 2009, the Pennsylvania Superior Court affirmed the PCRA court's denial of Drawbaugh's PCRA petition. Id. Petitioner filed for allowance of appeal to the Pennsylvania Supreme Court, which was denied on May 26, 2010. Commonwealth v. Drawbaugh, 606 Pa. 670, 996

A.2d 490 (Pa. May 26, 2010) (Table, No. 6328 MAL 2009).

On November 5, 2010, Drawbaugh filed the instant petition for writ of habeas corpus in which he raises the following challenges to his conviction and sentence:

1.  Trial counsel was ineffective for failing to object to the trial court permitting charges, Case No. 3289-2005 and 2986-2005, over which it did not have jurisdiction to allow these cases to go to the jury, and for not having the jurisdiction to sentence the defendant on these cases.

2.  Trial counsel was ineffective for failing to object and for failing to make a timely request with the court of a move for a mistrial when both prosecution witnesses testified before the jury with inflammatory statements that was prejudicial to the defendant and violating defendant's Constitutional right to a fair and impartial trial.

3.  Trial counsel was ineffective for failing to object to the consolidation of all the theft by deception cases with the trial court, for which was extremely prejudicial to the defendant for one jury to hear all 17 cases together, when all the cases were separate transactions and should have been tried separately, therefore depriving defendant of a

4

fair and impartial trial guaranteed
by the sixth amendment.

4.    Trial counsel was ineffective for
failing to object to the merging of
the offenses on Case No. 2988-2055,
and therefore imposed an illegal
sentence on defendant, for which
the court did not have the legal
authority to impose for lack of
jurisdiction over a defective
indictment.

(Doc. 2, Memorandum of Law in Support of Petition for Writ of Habeas Corpus).

In accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999) and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Drawbaugh that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or  withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA").  (Doc. 4).  Upon Drawbaugh's failure to return the notice of election form, the Court issued a Show Cause Order, indicating that the petition for writ of habeas

corpus will proceed as filed.   (Doc. 5).   On May 2, 2011, respondent filed a motion to dismiss the petition as untimely. (Doc. 8).   However, although provided the opportunity to file a traverse, no traverse was filed. For the reasons that follow, the petition will be dismissed.

**Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1)   A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> . . .
>
> (d)(2)   The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); <u>see</u> <u>generally</u>, <u>Jones</u>

v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).  Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded.  See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5ht Cir. 1998)(per curiam); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).  It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period.  See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state

court.   Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted.   A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing.   Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).   The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought.   Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition.   Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001).   Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court.   Jones, 195 F.3d at 158.

On October 24, 2005, Drawbaugh was sentenced to an aggregate sentence of 93-228 months.   The petitioner filed a timely post sentence motion for reconsideration on November 2,

2005, which was denied on November 9, 2005.  No direct appeal was filed.  Thus, Drawbaugh's conviction became final on December 9, 2005, the day the time period for filing a direct appeal with the Superior Court expired.[1]  Thus, the limitations period for filing a 2254 petition commenced on December 9, 2005, giving Drawbaugh until December 11, 2006[2] to file his federal petition, absent statutory or equitable tolling of the period.

Pursuant to 28 U.S.C. § 2244(d)(2), when Drawbaugh filed his first timely PCRA petition on July 5, 2006, the

_____

[1] Pursuant to Pa.R.Crim.P. 720(A)(1)a "written post-sentence motion shall be filed no later than 10 days after imposition of sentence." If the post-sentence motion is timely filed "then the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion" or "within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion." Pa.R.Crim.P. 720(A)(2)(a, b). On the other hand, if the post-sentence motion is not timely filed, then the defendant has 30 days after the imposition of sentence to file his notice of appeal. Pa.R.Crim.P. 720(A)(3); Commonwealth v. Greer, 936 A.2d 1075 (Pa.Super.2007).

[2] In Drawbaugh's case, December 9, 2006, the last day for filing his petition, fell on Saturday, giving him until the following Monday, December 11, 2006 to file his federal habeas petition.  See Fed.R.Civ.P. 6(a)(1)(C)(computation of the last day of a time period excludes Saturday, Sunday, and legal holidays)

AEDPA's filing period was statutorily tolled[3] with approximately 159 days of the one (1) year filing period remaining.   See Harris, 209 F.3d at 328.   Drawbaugh's PCRA petition was denied on December 21, 2006.   Because Drawbaugh did not file an appeal from the denial of his PCRA petition, the statutory period began to run again at the expiration of the thirty-day time period he

---

[3]Drawbaugh is not entitled to equitable tolling for his December 11, 2007 PCRA petition, as it was filed after the limitations period expired, and was deemed untimely under the PCRA by the state courts.   In Pace v. DiGugliemo, 125 S. Ct. 1807 (2005), which involved Pennsylvania's post-conviction review statute, the nation's High Court ruled that an untimely PCRA petition is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) so as to suspend the running of the habeas corpus limitations period.   Id. at 1811.   As the Third Circuit Court of Appeals recently observed, "[a]n untimely state petition for post-conviction relief cannot be 'properly filed' for purposes of § 2244(d)(2)."   Satterfield v. Johnson, 434 F.3d 185, 194 (3d Cir. 2006) (citing Pace, 125 S. Ct. at 1811). The PCRA Court and the Pennsylvania Superior Court determined that Drawbaugh's PCRA petition, filed in 2007, was untimely.   These determinations are conclusive on the question of whether those state court applications were "properly filed" for purposes of § 2244(d)(2).   See Evans v. Chavis, 126 S.Ct. 846, 850 (2006) (state court ruling that habeas petitioner's delay in seeking state court relief was unreasonable "'would be the end of the matter'") (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)); Pace, 125 S.Ct. at 1812 ("When a post conviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)."); Fountain v. Kyler, 420 F.3d 267, 272 n.3 (3d Cir. 2005) ("because the Superior Court found [Fountain's] second [PCRA] petition untimely, it was not 'properly filed' and thus did not serve to toll the running of the statute of limitations").

had to file an appeal to the Pennsylvania Superior Court.  Thus, the statutory period started to run again on January 22, 2007.[4] Consequently, Petitioner was required to file his habeas corpus petition within 159 days of January 22, 2007, or by July 2, 2007.  The instant petition was not filed until November 5, 2010, more than three years after the limitations period expired.  Thus, the petition for habeas corpus relief under § 2254 appears to be barred by the statute of limitations.

However, the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the

---

[4]Because the last day of calculating thirty days fell on Saturday, the clock did not begin to run until the following Monday, January 22, 2007.  See Fed.R.Civ.P. 6(a)(1)(C)(computation of the last day of a time period excludes Saturday, Sunday, and legal holidays)

claim." <u>Id</u>. (internal citations and quotations omitted). There is, however, absolutely no evidence of record to account for the delay in filing the instant petition for writ of habeas corpus. As such, equitable tolling is inapplicable in this matter. The petition will be dismissed.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner must obtain a certificate of appealability (COA) to appeal a final order denying a habeas corpus petition under 28 U.S.C. § 2254. A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). When a court denies a petitioner's habeas claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. <u>See Slack v. McDaniel</u>, 529 U.S. 473, 483-484(2000). However, when a district court denies a petition on procedural grounds, there is a two part test. Under that test a COA should issue if: (1) jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and (2) jurists of reason would find it debatable whether the district

12

court was correct in its procedural ruling.  See Slack, supra.
 Both prongs of the test must be met for a COA to issue.

        As for the first prong of the test, we will assume
that a debatable constitutional issue was raised in the
petition.  However, the second prong of the test has not been
met.  Jurists of reason would not find it debatable that this
court was correct in its procedural ruling that the petition is
untimely. Consequently, no certificate of appealability will
issue.  An appropriate order is attached.


                         s/Malcolm Muir
                         MUIR
                         United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDY DRAWBAUGH,              :
                             :
            Petitioner        :    No. 4:CV-10-2301
                             :
        vs.                   :    Petition Filed 11/05/10)
                             :
Superintendent JOHN KERESTES, :    (Judge Muir)
                             :
            Respondent        :

**ORDER**

May 19, 2011

Upon consideration of the petition for writ of habeas
corpus (Doc. 1), and for the reasons set forth in the foregoing
memorandum, **IT IS HEREBY ORDERED THAT:**

1.    Respondent's motion to dismiss the petition
      as untimely (Doc. 8) is **GRANTED.**

2.    The petition for writ of habeas corpus (Doc.
      1) is **DISMISSED** as untimely under the
      statute of limitations.  See 28 U.S.C. §
      2244(d).

3.    Respondent's motion to defer response to the
      habeas petition merits (Doc. 9) is **DISMISSED**
      as moot.

4.    The Clerk of Court is directed to **CLOSE** this
      case.

5.    A certificate of appealability is **DENIED.**

                        s/Malcolm Muir
                        MUIR
                        United States District Judge